**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DOUGLAS LOONEY and
TAMMY LOONEY, husband and wife,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 3:24-0467

APPALACHIAN POWER COMPANY,
d/b/a AEP Appalachian Power,
NORTH AMERICAN SERVICES GROUP, LLC,
d/b/a Evergreen North American Industrial Services,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs' Motion to Bifurcate Workers' Compensation Setoff and Exclude Evidence of Workers' Compensation Payments from Phase I of Trial (ECF 76), Plaintiffs' Motion in Limine to Exclude Evidence of Comparative Fault (ECF 78), and Defendant's Motion in Limine to Preclude Pictures of Injuries, to Preclude Subsequent Remedial Measures, to Preclude Post Accident Investigative Reports and to Preclude Testimony or Argument Regarding Metatarsal Guards (ECF 80) (hereinafter "Omnibus Motion"). The Court addresses each in turn.

**I.      Plaintiffs' Motion to Bifurcate Workers' Compensation Setoff and Exclude Evidence of Workers' Compensation Payments from Phase I of Trial**

Plaintiffs have sued Defendant for deliberate intent. *See* ECF 1 § 23. West Virginia law provides that a deliberate-intent plaintiff may only recover the "excess of damages over the amount received or receivable" from workers' compensation. W. Va. Code § 23-4-2(c). Plaintiffs' Motion asks the Court to "bifurcat[e] the calculation of the workers' compensation benefit setoff against

Plaintiffs' damages from the issues of liability and damages, creating a two-phased, unitary trial . . . ."

Federal Rule of Civil Procedure 42(b) governs bifurcation: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Plaintiffs argue bifurcation is justified in this case because (1) it will promote judicial economy, *see* ECF 76 § 11, (2) evidence of workers' compensation payments would confuse the jury and prejudice Plaintiffs, *see id.* §§ 13, 16, and (3) evidence of insurance coverage is inadmissible under Federal Rules of Evidence 403 and 411, *see id.* §§ 14–15.

The Court is unpersuaded. Plaintiffs point out that bifurcation would save the jury from having to hear evidence on workers' compensation payments if the jury finds for Defendant on liability. *See id.* § 11. But Plaintiffs acknowledged during a hearing that evidence on workers' compensation would be simple (a "sum certain") and would take little time to present to a jury. Accordingly, judicial economy does not justify bifurcation.

Further, the Court does not agree bifurcation is necessary to prevent confusion or prejudice. A jury can understand the nature of workers' compensation and its relationship to the present action. Evidence of workers' compensation payments is unlikely to "creat[e] the illusion that [Mr. Looney] has already been fully compensated for his injuries." *Id.* § 16.

Finally, workers' compensation evidence is admissible. Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Even if workers' compensation could be considered insurance "against liability," it will not be introduced "to prove whether [Mr. Looney] acted negligently or otherwise wrongfully." Nor is Rule 403 a bar to admission. Rule 403 provides that a "court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Since workers' compensation evidence will be necessary to calculate Plaintiffs' damages award, *see* Syl. pt. 1, *Mooney v. E. Associated Coal Corp.*, 326 S.E.2d 427 (W. Va. 1984), such evidence is highly probative. Its probative value is not substantially outweighed by any of the dangers enumerated in Rule 403.

The Court **DENIES** the Motion.

## II.　　Plaintiffs' Motion in Limine to Exclude Evidence of Comparative Fault

Plaintiffs' Motion in Limine asks the Court to prevent Defendant from "introducing evidence of comparative fault by" Mr. Looney. ECF 78, at 1. Plaintiffs argue such evidence should be excluded for two reasons. First, they argue comparative fault is only a defense in deliberate-intent cases if the defendant can show the plaintiff alone created the unsafe working condition that caused his injuries.[1] They assert that, here, Defendant will not be able to make this showing. Second, they argue Defendant waived a comparative-fault defense by failing to plead it in its Answer, *see id.* at 3.

West Virginia's comparative-fault statute provides:

In any action based on tort or any other legal theory seeking damages for personal injury, . . . recovery shall be predicated upon principles of comparative fault and the liability of each person, including plaintiffs, who proximately caused the damages, shall be allocated to each applicable person in direct proportion to that person's percentage of fault.

---

[1] Plaintiffs originally argued that "West Virginia's Comparative Fault statutory scheme does not apply to deliberate intent cases." ECF 78, at 1. But as they acknowledged during a hearing, the comparative-fault statute expressly applies to deliberate-intent cases. *See* W. Va. Code §§ 55-7-13a(b), 55-7-13b; *see also Woodford v. Arch Coal Inc.*, No. 2:21-CV-02, 2022 WL 2961573, at *2 (N.D. W. Va. July 26, 2022) (concluding that West Virginia law now "allocates the principle of comparative fault to deliberate intent claims")

W. Va. Code § 55-7-13a(b). A plaintiff's fault may bar recovery completely where it "is greater than the combined fault of all other persons responsible for the total amount of damages . . . ." *Id.* § 55-7-13c(c).

According to Plaintiffs, the deliberate-intent statute provides that a plaintiff's negligence is only relevant if it was the sole cause of his injuries. They say the following language supports this reading:

> The immunity from suit provided under this section and under sections six and six-a, article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied . . . if[] . . . [t]he trier of fact determines . . . [t]hat the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

*Id.* § 23-4-2(d)(2). The Court disagrees. This language merely provides that, to prove a deliberate-intent claim, a plaintiff must show a specific unsafe working condition was the direct and proximate cause of his injuries. It does not suggest comparative fault cannot limit or preclude recovery where both the plaintiff and the defendant are at fault.

The Court is troubled, however, by Defendant's failure to plead a comparative-fault defense in its answer. Federal Rule of Civil Procedure 8(c) provides that, "[i]n responding to a pleading, a party must affirmatively state any . . . affirmative defense . . . ."

"[T]he failure to raise an affirmative defense 'in the appropriate pleading,' generally 'results in the loss of that defense.'" *Jennings v. Frostberg State Univ.*, 679 F. Supp. 3d 240, 268 (D. Md. 2023) (quoting *RCSH Operations, LLC v. Third Crystal Park Assocs.*, 115 F. App'x 621, 629 (4th Cir. 2004)). But "the opposing party is still required to demonstrate prejudice or unfair surprise before a district court may enforce the waiver." *Id.* During a hearing, Plaintiffs asserted they were prejudiced by Defendant's omission because they would have conducted depositions

differently had Defendant pled a comparative-fault defense. Plaintiffs' representation satisfies the Court that they have been prejudiced. Accordingly, the Court **GRANTS** the Motion. The Court will preclude Defendant from introducing evidence of comparative fault.

## III. Defendant's Omnibus Motion

Defendant's Motion has four parts: (1) Motion to Preclude Pictures of Injuries, (2) Motion to Preclude Subsequent Remedial Measures, (3) Motion to Preclude Post Accident Investigative Reports, and (4) Motion to Preclude Testimony or Argument Regarding Metatarsal Guards. *See* ECF 80, at 1–3. During a hearing, the Court denied part one and denied part four without prejudice. The Court addresses parts two and three in turn.

### A. *Motion to Preclude Subsequent Remedial Measures*

After Mr. Looney's accident, Defendant "modified the procedure to clean out . . . vacuum truck debris tanks" and "purchased water cannons and had them affixed to the back of pickup trucks so as to prevent anyone from stepping into the line of fire as Mr. Looney did on the day of his accident." ECF 80, at 2. Defendant's Motion asks the Court to exclude "any documents, testimony, or argument . . . that reference[] the water cannon" or reflect changes Defendant made to its policies and procedures after the accident. *Id.*

Federal Rule of Evidence 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment . . . .

Plaintiffs argue Rule 407 does not mandate exclusion because they plan to use evidence of the water cannons and policy changes to (1) impeach defense witnesses and (2) show that Defendant had knowledge of a specific unsafe working condition.

Rule 407 explicitly allows parties to use evidence of subsequent remedial measures for impeachment. Accordingly, the Court will allow Plaintiffs to use this evidence to impeach defense witnesses.

The Court disagrees with Plaintiffs' suggestion that Rule 407 does not apply to evidence of knowledge, at least in this case. *See Yates v. Ford Motor Co.*, No. 5:12-CV-752, 2015 WL 2189774, at *8 (E.D.N.C. May 11, 2015) ("If there is a line between using . . . evidence to show 'knowledge' or 'causation' and using it for the prohibited purposes in Rule 407, it is [a] thin one, indeed."). An employer's knowledge is part of the "culpable conduct" of deliberate intent. *See* W. Va. Code § 23-4-2(d)(2)(B)(iv). During a hearing, Plaintiffs suggested evidence of knowledge is admissible because Defendant will dispute it had knowledge. But Rule 407 applies to evidence of culpable conduct regardless of whether the defendant disputes culpability.

The Court **GRANTS in part** and **DENIES in part** this portion of Defendant's Motion. The Court will preclude Plaintiffs from offering evidence of subsequent remedial measures unless they are doing so for impeachment purposes.

B. *Motion to Preclude Post Accident Investigative Reports*

After Mr. Looney's accident, Defendant "conducted a post-accident investigation and published its findings in a report." ECF 80, at 3. Defendant asks the Court to preclude Plaintiffs from using the report at trial, arguing it is inadmissible hearsay. *See id.*

Plaintiffs assert the report is not hearsay because it is the statement of an opposing party. Federal Rule of Evidence 801 provides that a statement is not hearsay if "offered against an

opposing party and . . . made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . ." The Court agrees that the report is an opposing party's statement. Defendant concedes the report was prepared by its employees, and it is self-apparent that preparing the report was within the scope of the employees' relationship with Defendant.

The Court **DENIES** this part of Defendant's Motion.

**CONCLUSION**

The Court **DENIES** Plaintiffs' Motion to Bifurcate Workers' Compensation Setoff and Exclude Evidence of Workers' Compensation Payments from Phase I of Trial (ECF 76), **GRANTS** Plaintiffs' Motion in Limine to Exclude Evidence of Comparative Fault (ECF 78), and **GRANTS in part** and **DENIES in part** Defendant's Omnibus Motion (ECF 80).

The Court **ORDERS** Defendant not to introduce evidence of comparative fault by Mr. Looney during the trial.

The Court **ORDERS** Plaintiffs not to offer or elicit documents, testimony, or argument during trial which reference Defendant's use of water cannons or any post-accident changes to policies and procedures, except Plaintiffs may offer or elicit such documents, testimony, or argument for impeachment purposes.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:　　　April 1, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE