**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DOUGLAS LOONEY and
TAMMY LOONEY, husband and wife,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 3:24-0467

NORTH AMERICAN SERVICES GROUP, LLC,
d/b/a Evergreen North American Industrial Services,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Exclude the Testimony and Opinions of Jason Henthorn Under Federal Rule of Evidence 702 and Daubert (ECF 65, Pls.' Mot.). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

**BACKGROUND**

Plaintiffs filed this action after Plaintiff Douglas Looney was injured at work. *See* ECF 94, at 2–3. Mr. Looney, who was Defendant's employee at the time, was standing behind a vacuum truck to wash its interior when a chunk of ash flew out, injuring him. *See id.* at 2.

Defendant intends to present the expert testimony of Jason Henthorn at trial. *See* Pls.' Mot. 2. Mr. Henthorn is a Principal Safety and Health Consultant. Pls.' Mot., Ex. 1, at 1. He has a bachelor's degree in industrial hygiene. *Id.* He has experience creating and maintaining work safety programs, training employees on workplace safety, and investigating workplace accidents. *See id.* at 1–2; Pls.' Mot., Ex. 2, Henthorn Dep. 7.

Mr. Henthorn's expert report includes five opinions:

- On September 2, 2022, Mr. Looney, an experienced employee of Evergreen, placed himself in an area of increased risk when he positioned himself in between the half door and the truck's debris body, to clear the hardened fly ash.

- Mr. Looney's employer, Evergreen, possessed policies and procedures, including [the] Vacuum Truck Safety Program, which originated in 2019 and had been revised a number of times.

- Evergreen, as Mr. Looney's employer, did not possess knowledge of a dangerous condition or practice involving its [v]acuum [t]rucks; specifically, when Mr. Looney placed himself in an area of increased risk, when he positioned himself in between the half door and the truck's debris body.

- The [s]truck-by hazard of falling debris should have been obvious and apparent to Mr. Looney as he relocated himself during his work due to the ash not coming out of the truck as he had previously experienced.

- Evergreen did not violate a specific [i]ndustry [s]tandard which caused Mr. Looney's September 2, 2022 incident.

Pls.' Mot., Ex. 1, at 6.

Plaintiffs' Motion asks the Court to exclude Mr. Henthorn's testimony pursuant to Federal Rule of Evidence 702. *See* Pls.' Mot. 1.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"[H]elpfulness to the trier of fact is [the] 'touchstone'" of the Rule 702 inquiry. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (quoting *Friendship Heights Assocs. v. Koubek*, 785 F.2d 1154, 1159 (4th Cir. 1986)).

## ANALYSIS

Plaintiffs argue that each of Henthorn's five expert opinions should be excluded. *See* Pls.' Mot. 3–4, 6–7, 9, 11. The Court discusses each opinion in turn.

### A. Opinion 1

The first opinion Plaintiffs attack is that "Mr. Looney . . . placed himself in an area of increased risk when he positioned himself in between the half door and the truck's debris body . . . ." Pls.' Mot., Ex. 1, at 6. Plaintiffs argue this opinion should be excluded because it is not based on "any identifiable hazard analysis" and because Mr. Henthorn never explained his methodology in reaching this conclusion. Pls.' Mot. 4.

In support of their argument, Plaintiffs cite *Nease v. Ford Motor Co.* and *Sardis v. Overhead Door Corp. See id.* at 5. In *Nease*, an expert witness opined that the "speed control cable" in a particular Ford model was "susceptible to getting stuck . . ., thus preventing the driver from slowing down the vehicle." 848 F.3d 219, 222 (4th Cir. 2017). While inspecting the plaintiffs' crashed vehicle, the expert discovered "contaminant" in certain components, which, according to the expert, could have caused the crash. *Id.* at 224. The Fourth Circuit held the expert's opinion should have been excluded. *See id.* at 222. It noted that the expert had never tested a car of the same model "to determine whether it is actually possible for enough debris to accumulate" to prevent the driver from slowing the vehicle. *Id.* at 232.

According to Plaintiffs, this case is similar to *Nease* because Henthorn "does not articulate what standard defines an 'increase [sic] risk,' what hazard modeling he applied, what industry metric he used, or what quantitative or qualitative framework supports the designation." Pls.' Mot. 5.

In *Sardis*, the Fourth Circuit excluded two experts in a products-liability case. *See* 10 F.4th 268, 275, 277 (4th Cir. 2021). One expert opined that the defendant's packaging design violated industry standards and caused the plaintiff's death. *See id.* at 277. The other opined that the lack of warnings about handling the packaging caused the plaintiff's death. *See id.* at 277–78. The Fourth Circuit found that the first expert's testimony contradicted itself. *See id.* at 286–89. It also concluded the expert's causation opinion was unreliable because it was unsupported by scientific testing. *See id.* at 287–88, 290–91. The second expert was excluded because he did not "offer any facts, test data, or peer-reviewed literature for reaching his conclusion." *Id.* at 295–96. Plaintiff did not explain why *Sardis* is analogous to this case.

Mr. Henthorn's opinion satisfies Rule 702. During his deposition, Mr. Henthorn testified he had experience with vacuum trucks similar to the one involved in Mr. Looney's accident. *See* Henthorn Dep. 8–9. Henthorn also suggested there were "materials in the operator's manual of the truck" and "stickers or placards on the truck" alerting employees to the danger of standing behind the truck. *Id.* at 57. In addition, Defendant asserts Mr. Henthorn's opinion is based on Mr. Looney's own deposition testimony. ECF 71, Def.'s Resp. 4.

Some expert opinions, such as the opinions at issue in *Nease* and *Sardis*, are only reliable when supported by scientific testing. But for other opinions, the expert's experience is enough:

> Experiential expert testimony . . . does not "rely on anything like a scientific method." But this does not lead to a conclusion that "experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text

of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience."

*United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (internal citations omitted) (quoting Fed. R. Evid. 702 advisory committee's note). Mr. Henthorn's conclusion that Mr. Looney placed himself in an area of increased risk is one such opinion. Mr. Henthorn's experience is sufficient to render the opinion reliable and helpful to a jury. The Court will not exclude this opinion.

## B. Opinion 2

Henthorn's second opinion is that Defendant "possessed policies and procedures, including [the] Vacuum Truck Safety Program, which originated in 2019 and had been revised a number of times." Pls.' Mot., Ex. 1, at 6. As Plaintiff's point out, this is simply a factual statement. *See* Pls.' Mot. at 6. Still, Mr. Henthorn's perspective would be helpful to the jury; his experience will allow him to explain whether these policies and procedures apply to the work Mr. Looney was doing when he was injured. *See* Henthorn Dep. 100–01. The Court will not exclude this opinion.

## C. Opinion 3

The third opinion at issue is that Defendant "did not possess knowledge of a dangerous condition or practice involving its [v]acuum [t]rucks . . . ." Pls.' Mot., Ex. 1, at 6. Plaintiffs argue this opinion "is pure speculation." Pls.' Mot. 8.

The Court agrees. As Plaintiffs point out, "[i]n his deposition, Mr. Henthorn could not identify the field supervisor who ordered Mr. Looney and his crew to decontaminate the vacuum truck on the day in question." *Id.*; *see also* Henthorn Dep. 83. Henthorn also "admit[ed] that he would not know the knowledge of that" supervisor. Pls.' Mot. 8; *see also* Henthorn Dep. 73.

Defendant asserts that this opinion was based on "analysis, education, and experience . . . ." Def.'s Resp. 6. But Defendant never explains *how* Mr. Henthorn used analysis, education or experience to reach his conclusion. *See* Fed. R. Evid. 702, Advisory Comm. Notes ("If the witness

is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

Further, Defendant's own report on Mr. Looney's accident contradicts Mr. Henthorn's conclusion that Defendant lacked knowledge. The report says Defendant's employees have been standing behind vacuum trucks to clean them "for decades . . . ." ECF 70, Ex. 4, at 18. It concluded that ""[t]o an outside eye, with hindsight[,] the hazard and risk is obvious." *Id.* It attributed the accident to a "normalization of deviation." *Id.*

Since Mr. Henthorn's opinion lacks a factual basis and is contradicted by record evidence, it is unreliable. The Court will exclude it.

### D. Opinion 4

Mr. Henthorn's fourth opinion is that "[t]he [s]truck-by hazard of falling debris should have been obvious and apparent to Mr. Looney as he relocated himself during his work due to the ash not coming out of the truck as he had previously experienced." Pls.' Mot., Ex. 1, at 6.

This opinion is not reliable. During his deposition, Mr. Henthorn acknowledged he had no experience with the type of material in the truck Mr. Looney was cleaning. *See* Henthorn Dep. 9. He testified he did not know what type of ash was in the truck, *see id.* at 62, nor how long the ash had been sitting in the truck before Mr. Looney began cleaning it, *see id.* at 70–71, but he explained that both the type of ash and the amount of time it had been sitting would affect its density, *see id.* at 61, 71. Given Mr. Henthorn's lack of knowledge about the material in the truck, he cannot reliably testify whether the hazard of falling debris should have been obvious to Mr. Looney. The Court will exclude this opinion.

### E. Opinion 5

Finally, Henthorn opined that Defendant "did not violate a specific [i]ndustry [s]tandard which caused Mr. Looney's . . . incident." Pls.' Mot., Ex. 1, at 6. This opinion is reliable. Mr. Henthorn's experience in industrial hygiene makes him qualified to explain which industry standards may or may not apply to a particular work activity and whether certain employer conduct violates an industry standard. In his deposition, he discussed specific industry standards and explained why, in his view, they did not apply on the day of the accident. *See* Henthorn Dep. 63–66, 87–88, 112–13. The Court will admit this opinion.

### CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion to Exclude the Testimony and Opinions of Jason Henthorn Under Federal Rule of Evidence 702 and Daubert (ECF 65).

The Court **ORDERS** Defendant not to offer or elicit the following opinions from Mr. Henthorn at trial: (1) "Evergreen, as Mr. Looney's employer, did not possess knowledge of a dangerous condition or practice involving its [v]acuum [t]rucks; specifically, when Mr. Looney placed himself in an area of increased risk, when he positioned himself in between the half door and the truck's debris body;" (2) "The [s]truck-by hazard of falling debris should have been obvious and apparent to Mr. Looney as he relocated himself during his work due to the ash not coming out of the truck as he had previously experienced." The Court **DIRECTS** Defendant to instruct Mr. Henthorn not to offer these opinions during trial.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

-8-

ENTER:        April 7, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE