**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DOUGLAS LOONEY and
TAMMY LOONEY, husband and wife,

        Plaintiffs,

v.                                 CIVIL ACTION NO. 3:24-0467

NORTH AMERICAN SERVICES GROUP, LLC,
d/b/a Evergreen North American Industrial Services,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Douglas and Tammy Looney's Motion for Sanctions (ECF 81). The Motion asks the Court to enter default judgment against Defendant North American Services Group, LLC (ENAIS) for its failure to disclose an excess insurance policy that provides coverage for Plaintiffs' claims against ENAIS. *See* ECF 81, at 1.

The Court previously ordered Defendant to show cause why the Court should not impose sanctions for its failure to timely disclose the insurance policy. *See* ECF 114, at 2. But after the Court entered that Order, the parties reached a settlement. *See* ECF 115. Accordingly, the Court directed the parties to confer regarding the status of Plaintiffs' Motion for Sanctions and report to the Court. *See id.*

The parties sent separate responses to the Court. Defendant opines that the parties' settlement resolved Plaintiff's Motion. Plaintiffs disagree. They assert that the "motion for sanctions was not a topic of discussion during" settlement negotiations and note that the "Court has the inherit [sic] authority" to impose sanctions.

The Court need not resolve whether the parties intended the settlement to cover Plaintiffs' Motion for Sanctions. "[A]lthough parties may generally bargain away monetary sanctions meant to compensate the injured party, they may not settle punitive sanctions made payable to the court or non-monetary sanctions intended to vindicate the court's authority." *HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1026 (S.D. Cal. 2016). Default-judgment sanctions "are fundamentally punitive." *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1476 (D.C. Cir. 1995). Thus, even if the parties agreed to resolve the Motion for Sanctions, that agreement has no legal effect.

Since the parties' settlement "does nothing to ameliorate the offense committed against the Court," *All Coast LLC v. Shore Offshore Servs., LLC*, CIV. A. NO. 21-258, 2023 WL 6994180, at *2 (E.D. La. Oct. 24, 2023), the Court **ORDERS** Defendant to **SHOW CAUSE**, **on or before May 13, 2026**, why the Court should not impose sanctions for its failure to disclose its commercial general liability policy to Plaintiffs until March 2, 2026. Defendant must present evidence, by affidavit or sworn declaration, on the circumstances of and reason for its nondisclosure. The Court **DIRECTS** Plaintiffs to respond to Defendant's submission **on or before May 20, 2026**. The Court will then decide whether a show-cause hearing is appropriate.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 29, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-2-