**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DOUGLAS LOONEY and
TAMMY LOONEY, husband and wife,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 3:24-0467

NORTH AMERICAN SERVICES GROUP, LLC,
d/b/a Evergreen North American Industrial Services,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Federal Rule of Civil Procedure 26(a)(1)(A) requires any party to a civil action in federal court to provide to the other parties "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Defendant North American Services Group, LLC ("ENAIS") did not comply with that Rule. Accordingly, the Court will require ENAIS to compensate Plaintiffs and their counsel.

**BACKGROUND**

In an Order and Notice issued November 24, 2024, the Court ordered the parties in this case to make disclosures required by Federal Rule of Civil Procedure 26(a)(1) by January 21, 2025. *See* ECF 14, at 2. ENAIS violated this Order. It did not serve its Rule 26(a)(1) disclosures on Plaintiffs until January 22, 2025. *See* ECF 27. According to Plaintiffs, these disclosures did not disclose "any insurance information of any kind."[1] ECF 81, Pls.' Mot. 4.

---

[1] Contrary to Plaintiffs' assertion, *see* ECF 81, at 5 n.1, Defendant's Certificate of Service for its Rule 26(a)(1) disclosures does not demonstrate that the disclosures lacked insurance information, *see* ECF 27. Regardless, ENAIS

On February 5, 2025, counsel for ENAIS sent Plaintiffs' counsel a redacted copy of ENAIS's Worker's Compensation and Employer's Liability Policy. *See* Pls.' Mot., Ex. 1, at 1. The policy provides ENAIS with one million dollars of coverage for workplace accidents. *See id.* at 2. Plaintiffs understood that this policy covered indemnity and defense payments ENAIS owed to its codefendant Appalachian Power Company ("APCo"). Pls.' Mot. 2.

In a letter sent to ENAIS's counsel on March 11, 2025, Plaintiffs' counsel wrote:

> With respect to the disclosed insurance policy disclosed by your client, I have reviewed the same and it appears that there is only One Million Dollars ($1,000,000.00) in coverage for Plaintiffs' claims. Would you please check with your client to see if there is any excess coverage or umbrella coverage for Plaintiff's claims and let us know, in writing, any response?

Pls.' Mot., Ex. 19, at 2. This letter spurred ENAIS's counsel to contact the insurance adjuster assigned to the case. *See* ECF 127, Ex. 1 ¶¶ 5–6. He left her a voicemail and asked whether ENAIS had any additional coverage. *See id.* ¶ 6. The adjuster did not respond, and counsel made no further attempt to confirm ENAIS's coverage. *See id.*

In addition to the one-million-dollar policy ENAIS disclosed to Plaintiffs on February 3, ENAIS had a fifteen-million-dollar excess insurance policy and a one-million-dollar comprehensive general liability (CGL) policy that may have applied to Plaintiffs' claims. *See* Pls.' Mot. 2. ENAIS has never disclosed the CGL policy to Plaintiffs and did not disclose the excess policy until March 2, 2026, after the close of discovery and after the parties' mediation. *See id.* at 2–3.

ENAIS's counsel blamed the nondisclosure on ENAIS's insurance carrier. *See* ECF 127, Ex. 1 ¶¶ 3–6. He explained he had asked the carrier for coverage information, but the carrier did not tell him about the excess coverage until over a year had passed since his initial inquiry. *See*

---

acknowledges that its disclosures did not include an insurance policy or a declarations page. *See* ECF 99, at 2.

*id.*; Pl.'s Mot. 2. During a hearing, ENAIS's counsel said he never asked ENAIS about what insurance policies it held.

After learning of the excess and CGL policies, Plaintiffs filed a Motion for Sanctions. *See* Pls.' Mot. 1. The Motion asked the Court to enter default judgment in favor of Plaintiffs. *See id.* at 14.

The Court entered a show-cause order requiring ENAIS to explain the nondisclosure. *See* ECF 114. The parties settled soon after, *see* ECF 115, but they disputed whether the settlement mooted Plaintiff's Motion for Sanctions, *see* ECF 118, at 1. The Court concluded that it did not, and again ordered ENAIS to show cause.[2] *See id.* at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move . . . for appropriate sanctions." As a sanction, the Court may (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure," (2) "inform the jury of the party's failure," (3) order that certain "facts be taken as established for purposes of the action," (4) "prohibit[] the disobedient party from supporting or opposing [certain] claims or defenses, or from introducing [certain] matters in evidence," (5) "strik[e] pleadings in whole or in part," (6) "stay[] further proceedings until" the delinquent party has made the necessary disclosures, (7) "dismiss[] the action . . . in whole or in part," (8) "render[] a default judgment against the disobedient party," or (9) "treat[] as contempt of court the failure" to disclose. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi), (c)(1)(A)–(C).

---

[2] In both show-cause orders, the Court mistakenly ordered ENAIS to show cause "why the Court should not impose sanctions for its failure to disclose its commercial general liability policy to Plaintiffs . . . ." ECF 118, at 2; *see* ECF 114, at 3. The Court meant to order ENAIS to show cause for its failure to disclose its *excess insurance policy*.

In addition, the Court has "inherent authority . . . 'to fashion an appropriate sanction for conduct which abuses the judicial process . . . .'" *Six v. Generations Fed. Credit Union*, 981 F.3d 508, 519 (4th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)).

A court may not impose sanctions "when it has been established that failure to comply has been due to inability, and not to wilfulness [sic], bad faith, or any fault of the non-complying party." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)).

## ANALYSIS

### I.    The Court Will Sanction ENAIS

It is undisputed that ENAIS violated Rule 26 and this Court's Order and Notice. ENAIS nonetheless argues sanctions are unwarranted because the "actions and inactions alleged are those of its' [sic] carrier and counsel." ECF 99, Def.'s Resp. 1.

Even if ENAIS's insurance carrier bears the brunt of the blame, a sanction against ENAIS is warranted. A sophisticated entity like ENAIS has a duty to ensure that its counsel and insurance carriers do not make misrepresentations in violation of the Federal Rules of Civil Procedure. Here, there is no indication ENAIS made any attempt to correct its counsel's misunderstanding about the insurance coverage. [3] In addition, the nondisclosure was egregious; ENAIS claimed it had one million dollars of coverage when it actually had seventeen million.

---

[3] While ENAIS's Response suggests ENAIS had "no knowledge" of the undisclosed insurance policies, Def.'s Resp. 2, ENAIS's attorney stated during a hearing that he had never asked ENAIS whether it knew about the policies. It is unclear, then, how ENAIS's counsel would know about ENAIS's purported lack of knowledge. It is also hard to believe that a company like ENAIS would not know what insurance policies it holds.

## II.      Costs and Fees Are an Appropriate Sanction

While the Court will sanction ENAIS, default judgment is not warranted. The Court is not inclined to upset the parties' settlement agreement, and a default judgment is too extreme a sanction.

Nor will the Court impose a punitive monetary sanction on ENAIS. Fines "intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct'" are criminal in nature and therefore "require the procedural protections that accompany criminal contempt sanctions" before they may be imposed. *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (quoting *Buffinton v. Balt. Cnty.*, 913 F.2d 113, 133 (4th Cir. 2004)). The Court will not draw out this litigation by affording those protections.

Instead, the Court will compensate Plaintiffs and their counsel for costs and fees they incurred as a result of ENAIS's nondisclosure.[4] The Court believes such a sanction reflects the severity of the nondisclosure, will deter similar conduct in the future, and will compensate Plaintiffs and their counsel for any prejudice they suffered. *Cf. In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990) (listing deterrence and severity as factors for awarding monetary sanctions for violations of Federal Rule of Civil Procedure 11).

## CONCLUSION

The Court will sanction ENAIS. The Court **DENIES** Plaintiffs' Motion for Sanctions (ECF 81) **as moot** and **DIRECTS** Plaintiffs to file a memorandum, **on or before May 28, 2026**, detailing the costs and fees it incurred as a result of ENAIS's nondisclosure. The memorandum should

---

[4] The Court previously indicated that the parties' dispute over the sanctions motion was moot because "parties . . . may not settle punitive sanctions made payable to the court or non-monetary sanctions intended to vindicate the court's authority." ECF 118, at 2 (quoting *HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1026 (S.D. Cal. 2016)). While the Court has decided to impose compensatory, rather than punitive, sanctions, the dispute remains moot. Even if Plaintiffs withdrew their Motion for Sanctions, the Court would sanction ENAIS pursuant to its inherent authority.

indicate the amount of time Plaintiffs' counsel spent (1) requesting additional insurance disclosures and (2) briefing and arguing the Motion for Sanctions. Defendant may object to Plaintiffs' memorandum **on or before June 11, 2026**; Plaintiffs may reply to any objections on or before **June 18, 2026**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        May 14, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE